J-A17007-20

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

COMMONWEALTH OF PENNSYLVANIA : IN THE SUPERIOR COURT OF
:                PENNSYLVANIA
:
v. :
:
:
:
ALEX ALVARADO :
:
Appellant : No. 1226 EDA 2019

Appeal from the Judgment of Sentence Entered April 8, 2019
In the Court of Common Pleas of Philadelphia County Criminal Division at
No(s): CP-51-CR-0009806-2017,
CP-51-CR-0010400-2017

COMMONWEALTH OF PENNSYLVANIA : IN THE SUPERIOR COURT OF
:                PENNSYLVANIA
:
v. :
:
:
:
ALEX ALVARADO :
:
Appellant : No. 1227 EDA 2019

Appeal from the Judgment of Sentence Entered April 8, 2019
In the Court of Common Pleas of Philadelphia County Criminal Division at
No(s): CP-51-CR-0009806-2017,
CP-51-CR-0010400-2017

BEFORE:  BOWES, J., McCAFFERY, J., and FORD ELLIOTT, P.J.E.

MEMORANDUM BY BOWES, J.:                    **FILED DECEMBER 8, 2020**

Alex Alvarado appeals from his April 8, 2019 judgment of sentence entered after a jury convicted him of numerous offenses in connection with the theft of a motorized scooter and Appellant's subsequent flight from Philadelphia County to elude law enforcement.  We affirm.

J-A17007-20

We glean the following facts from the memorandum opinion authored by the Honorable Timika Lane pursuant to Pa.R.A.P. 1925(a):[1]

> [T]he Complainant, Yan Chen ("Ms. Chen"), owned a 2009 Yamaha C3 XF 50 CC motorized scooter. On August 31, 2017, [Ms. Chen's] husband parked the scooter overnight at [the] Cornwell Heights train station in Bucks County. The next day, Ms. Chen went to the train station to retrieve the scooter but discovered that the vehicle was stolen. That same day, September 1, 2017, she reported the theft to police.
>
> Ms. Chen's scooter was recovered on October 11, 2017, after Officer Sergio Diggs ("Officer Diggs") and Officer Michael Minor ("Officer Minor") observed [Appellant] riding the vehicle on the 600 block of Rising Sun Ave. in Philadelphia. Around 10:30 p.m., the officers observed [Appellant] from a marked police car and noticed that the scooter did not have a license plate or vehicle tag. The officers activated their overhead lights and sirens and directed [Appellant] to pull over. Instead of complying with the order, [Appellant] accelerated the vehicle and attempted to evade the officers.
>
> At some point, [Appellant] jumped off of the scooter and tried to flee the officers on foot. Officer Diggs exited the officers' car and ran after [Appellant], while Officer Minor continued his pursuit from the vehicle. While [Appellant] was running, he pulled a black and silver gun from his waistband and tossed it between

---

[1] In this case, two separate jurists have submitted opinions pursuant to Pa.R.A.P. 1925(a)(1) ("If the case appealed involves a ruling issued by a judge who was not the judge entering the order giving rise to the notice of appeal, the judge entering the order giving rise to the notice of appeal may request that the judge who made the earlier ruling provide an opinion to be filed in accordance with the standards above to explain the reasons for that ruling."). Instantly, Judge Timika Lane heard the Commonwealth's motion to consolidate Appellant's charges for trial, which forms part of the basis of the instant appeal, and has filed a discussion limited to that issue. *See* Judge Lane's Rule 1925(a) Opinion, 12/12/19, at 1-10. The remainder of Appellant's issues were addressed in a separate opinion by Judge Mia Roberts Perez, who presided over Appellant's trial. *See* Judge Perez's Opinion, 12/6/19, at 1-7.

- 2 -

the curb and the tire of a parked car. Eventually, the officers managed to catch and arrest [Appellant].

Once [Appellant] was handcuffed, the officers retrieved the discarded firearm and motor-scooter. The officers checked the scooter's VIN number and realized that it was recorded as a stolen vehicle in the Bureau of Motor Vehicles database. The officers also searched the Pennsylvania Crime Information Center and the National Crime Information Center and discovered that [Appellant] did not have a license to carry a firearm Based on these facts, [Appellants] was charged with theft, receiving stolen property, unauthorized use of a vehicle, and several [violations of the Uniform Firearms Act ("VUFA")], under docket CP-51-CR-0009806-2017.

When [Appellant] was seated in the back of the police car and before the officers formally processed his arrest, he started to complain of shortness of breath and told officers that he was recently hospitalized for a heart condition. Accordingly, [Appellant] was transported to Temple Episcopal Hospital shortly after midnight. Later that morning, around 6:50 a.m., [Appellant] was transferred to Temple Hospital for additional care. While [Appellant] was treated at Temple Hospital, he remained in police custody. Officer Robert Glasson ("Officer Glasson")[,] and his partner handcuffed [Appellant] to his hospital bed and guarded his room.

At some point the officers uncuffed [Appellant] so he could appropriately position himself to use a bedpan. Officer Glasson and [Appellant's] nurse stepped into the hallway to give him privacy. After about ten minutes, the nurse reentered [Appellant']s room and realized he was gone. Officers reviewed the hospital's security footage and discovered that [Appellant] fled the hospital. [Appellant] was returned to police custody on October 26, 2017, after being apprehended in Carbon County, Pennsylvania. Based on these additional facts, [Appellant] was also charged with escape, under docket CP-51-CR-00100400-2017.

Judge Lane's Rule 1925(a) Opinion, 12/12/19, at 2-3 (internal citations and quotation marks omitted).

On September 19, 2018, the Commonwealth filed a motion for consolidation and joinder of Appellant's charges for trial pursuant to Pa.R.Crim.P. 582(A)(1). Appellant opposed the Commonwealth's application, arguing that consolidation of the charges was inappropriate because the underlying incidents were "not a part of a single criminal episode," and that joinder would prejudice his ability to defend himself. *See* Appellant's Answer, 12/26/18, at ¶¶ 2-6. On September 28, 2018, Judge Lane granted the Commonwealth's application and the two dockets were joined for trial.

Appellant's consolidated case proceeded to a jury trial before the Honorable Mia Roberts Perez. A number of motions *in limine* were presented during the course of the trial by both Appellant and the Commonwealth. Of particular note, the Commonwealth made an oral motion to preclude Appellant from adducing testimony from Officer Minor concerning a prior excessive force incident. *See* N.T. Trial, 1/30/19, at 128-29. Specifically, defense counsel advised the Commonwealth and the trial court that she intended to elicit testimony from Officer Minor concerning an incident in 2016, wherein the officer was found to have violated the Philadelphia Police Department's deadly force policy by a Police Board of Inquiry ("PBI"). *Id*. at 129-32.

As of the trial, there was an open criminal case related to these allegations. *Id*. at 130. The trial court permitted defense counsel to impeach Officer Minor's credibility with this information, but limited the scope of permissible questions, emphasizing that it would not allow defense counsel to

"get into any of the details of this underlying case." *Id*. at 136-38. Appellant's counsel acquiesced to this limitation, and offered no objection. *Id*. at 137 ("[T]hat's fine, Judge."). Consistent with this limitation, defense counsel cross-examined Officer Minor regarding his violation of the Philadelphia Police Department's deadly force policy in 2016. *Id*. at 175. Officer Minor also confirmed that he would be subjected to harsher penalties if he accrued additional violations of the department's use-of-force policies. *Id*. at 175-76.

On January 31, 2019, Appellant was found guilty of the above-referenced offenses and was sentenced to an aggregate term of eight to sixteen years of incarceration. Appellant filed timely notices of appeal at each of the above-referenced docket numbers.[2/3] Appellant, Judge Timika Lane, and Judge Mia Roberts Perez have all timely complied with their obligations pursuant to Pa.R.A.P. 1925.

Appellant has raised the following issues for our consideration:

> 1. Did not the trial court deprive [A]ppellant of his constitutional right to cross-examine the arresting officers about the potential civil and criminal penalties facing one of the officers due to his

---

[2] On June 10, 2020, this Court issued a rule to show cause upon Appellant as to why the appeals should not be quashed pursuant to ***Commonwealth v. Walker***, 185 A.3d 969, 977 (Pa. 2018) ("[T]he proper practice under [Pa.R.A.P. 341(a)] is to file separate appeals from an order that resolves issues arising on more than one docket. The failure to do so requires the appellate court to quash the appeal."). Our review of the certified record indicates that Appellant properly filed separate notices of appeal at both of the above-captioned docket numbers. As such, quashal is not appropriate.

[3] On June 13, 2019, Appellant filed an application for consolidation pursuant to Pa.R.A.P. 513. On August 5, 2019, we granted the application.

misconduct in a prior case, as that would have revealed their motive to testify in [A]ppellant's case?

2. Did the lower court err by consolidating two cases for a single trial, one charging possession of a firearm and stolen scooter, and the other charging escape from a hospital, where the cases involved distinct witnesses and evidence, where the evidence of each case would not have been admissible at a separate trial of the other, and where consolidation prejudiced [A]ppellant?

Appellant's brief at 3 (issues reordered).

Appellant's first issue concerns the trial court's ruling that granted in part the Commonwealth's motion *in limine* to restrict the scope of Appellant's cross-examination of Officer Minor. **See** Appellant's brief at 20-21 ("[T]he trial court permitted defense counsel to cross-examine Officer Minor about the prior finding by Internal Affairs and about the increased department sanctions he could face . . . . However, the trial court erroneously barred counsel from questioning the officer about the ongoing criminal investigation.").

"When reviewing a ruling on a motion *in limine*, we apply an evidentiary abuse of discretion standard of review." **Commonwealth v. Orie**, 88 A.3d 983, 1022 (Pa.Super. 2014) (internal citation omitted). "A trial court's ruling regarding the admissibility of evidence will not be disturbed unless the ruling reflects manifest unreasonableness, or partiality, prejudice, bias, or ill-will, or such lack of support as to be clearly erroneous." **Id**. (internal citations and quotation marks omitted).

Our review of the certified record reveals that Appellant's trial counsel freely consented to the limiting instruction, proceeded with a successful cross-

examination of Officer Minor within the parameters set by the trial court, and offered no objection when the limitation was enforced. **See** N.T. Trial, 1/30/19, at 137, 175-76. In relevant part, Appellant never challenged the trial court's ruling prohibiting him from adducing testimony concerning the ongoing criminal investigation concerning Officer Minor. As such, this claim is waived. **See** Pa.R.A.P. 302(a) ("Issues not raised in the trial court are waived and cannot be raised for the first time on appeal."); **see also Commonwealth v. Rosser**, 135 A.3d 1077, 1086 (Pa.Super. 2016) (holding that defendant waived claim that the trial court's limiting of cross-examination violated his confrontation rights by failing to lodge an objection).

Appellant's second issue concerns Judge Lane's consolidation of Appellant's case for trial pursuant to the Pennsylvania Rules of Criminal Procedure. Specifically, Appellant's argument asserts that: (1) the Commonwealth failed to satisfy the applicable standards for joinder pursuant to Pa.R.Crim.P. 582(A)(1); and (2) consolidation of Appellant's charges was prejudicial pursuant to Pa.R.Crim.P. 583. **See** Appellant's brief at 12-18.

The decision of "[w]hether to join or sever offenses for trial is within the trial court's discretion and will not be reversed on appeal absent a manifest abuse thereof, or prejudice and clear injustice to the defendant." **Commonwealth v. Knoble**, 188 A.3d 1199, 1205 (Pa.Super. 2018). "An abuse of discretion is not merely an error of judgment, but is rather the overriding or misapplication of the law, or the exercise of judgment that is

manifestly unreasonable, or the result of bias, prejudice, ill-will or partiality, as shown by the record itself." *Commonwealth v. Anitdormi*, 84 A.3d 736, 749-50 (Pa.Super. 2014) (internal citations and quotation marks omitted). "As a general policy, joint trials are encouraged when judicial economy will be promoted by avoiding the expensive and time-consuming duplication of evidence." *Commonwealth v. Jones*, 668 A.2d 491, 501 (Pa. 1995).

Rule 582(A)(1) provides as follows with respect to the consolidation of separately charged criminal offenses for trial:

> Offenses charged in separate indictments or informations may be tried together if:
>
> (a) the evidence of the offenses would be admissible in a separate trial for the other and is capable of separation by the jury so that there is no danger of confusion; or
>
> (b) the offenses charged are based on the same act or transaction.

Pa.R.Crim.P. 582(A)(1). Concomitantly, Rule 583 provides that "[t]he court may order separate trials of offenses . . . if it appears that any party may be prejudiced by offenses . . . being tried together." Pa.R.Crim.P. 583. Thus, if the trial court concludes that joinder under Rule 582(A)(1) is appropriate, "the court must also consider whether consolidation would unduly prejudice the defendant." *Knoble*, *supra* at 1205.

Appellant argues that consolidation of his charges was inappropriate under both subsections of Rule 582(A)(1), and that joinder was also prejudicial to him under Rule 583. *See* Appellant's brief at 12-18. We disagree.

In her Rule 1925(a) opinion, Judge Lane has authored a thorough and cogent analysis of the applicability of Rule 582 and the lack of prejudice under Rule 583, including detailed discussions of relevant Pennsylvania case law and precise citations to the certified record applying that law to the particulars of Appellant's case. *See* Judge Lane's Rule 1925(b) Opinion, 12/12/19, at 4-10. Overall, we discern no abuse of discretion or error of law in Judge Lane's well-reasoned analysis. As such, we adopt that reasoning and affirm upon the basis of Judge Lane's September 12, 2019 opinion. *Id*.

Judgment of sentence affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 12/08/2020